Opinion by
Beaver, J.,
On Jackson street, in the city of Allegheny, at the point where the accident which is the subject of inquiry in this case occurred, and for at least 260 feet east and west thereof, two street railway tracks are laid. Buena Vista street intersects Jackson at right angles. Margaret Finefrock, one of the defendants, with her son, aged about fourteen years, and a nephew, aged about two years, drove down Buena Vista street toward Jackson in a top buggy, the top being up. Upon reaching Jackson street, with the nose of her horse within four or five feet of the railroad track, as she and her son both testify, she waited for a passing car which was going east. After it passed, *640 she and her son both looked east, leaning forward to do so, to ascertain whether or not another car was approaching. They looked again, as they testify, immediately upon entering upon the track. No car being in sight, they drove upon the track, and, after the horse had fairly entered thereon and the front wheels of the buggy were just about to cross the first rail, a car was seen approaching, which they estimated to be 125 feet away. Both reached for the whip, but, before securing it, the rear of the buggy was struck, the hind wheels separated from the remainder of the vehicle, which remained attached to the horse, all of the occupants were thrown into the air, and Mrs. Finefrock, in coming down, struck her head upon a rail of one of the tracks.
From the building line of Jackson street to the curb is ten feet. From the curb to the first rail of the west-bound track is 8^ feet. East of Buena Yista street is Monterey. From the west curb of Buena Vista to the east curb of Monterey is 260 feet. West of Buena Vista street the same distance is Irwin avenue. A single track runs east of Monterey to Arch street beyond. The double tracks, going north on Monterey, make a curve in. turning onto Jackson and at that point the tracks are curved toward and four’feet nearer the curb line of Jackson than at Buena Yista. This may be important, as tending to explain, if explanation be needed, why the car, assuming it to have been at that point, was not seen by the occupants of the buggy.
The car which caused the accident was evidently running at a very unusual rate of speed. As to this fact, William Fine-frock says in his testimony: “I never seen anything come faster. I couldn’t say just what rate it was coming — appeared to be going like lightning.” Mary Sweeney, a passenger upon the car, said: “ I got on the car at the market house and it went at a reasonable rate until it came to Jackson street. Just when it was going to turn down Jackson street it swung so that there was no stop until it came to Irwin avenue.” Cur-less Wallace, who was standing at the door of his shop when the car passed, said: “ It was coming at a terrific speed. It passed me in an instant of time. It had to pass me before I could get to the people.” It appears also, from the testimony, that, after striking and practically demolishing the buggy, the *641 car was not stopped until Irwin avenue, 260 feet away, was reached. One of the occupants of the car says, in her testimony : “ After the buggy and lady got hit with the car, the car did not until we came to Irwin avenue; the motorman could not stop it.”
The foregoing statement is based upon the plaintiff’s testimony. Some of the essential facts were disputed and some of the plaintiff’s witnesses contradicted by those of the defendant, but it was not for rhe trial judge to pass upon the credibility of the witnesses or to reconcile their contradictions.
The only assignment of error here is the refusal of the court to affirm the deferidant’s point, “ That, under all the evidence, the verdict must be for the defendant.”
The defendant’s second point, which was, “ If the jury find that the plaintiff, Mrs. Finefrock, or her son, William Fine-frock, who was driving the buggy, failed to look in the direction of the coming car just before entering upon the track, the verdict must be for the defendant,” was affirmed, as was also the third point, which is: “ If the jury find that the car was within 100 feet of Buena Vista street when Mrs. Fine-frock was about to cross the track, and the car was coming at such a rate of speed that it must have been apparent that they could not get across in time to avoid a collision, the verdict must be for the defendant.” This was as much as the defendant could reasonably ask. This is not the case of a person crossing a street car track being struck immediately upon entering upon it. The horse bad crossed the track, the front carriage of the buggy was apparently clear of it, and the hinder part of the buggy was struck and demolished.
The testimony of one of the plaintiff’s witnesses, who sat at the window in the front of the car, was that the horse and buggy could be plainly seen crossing the track. If so, it was the duty of the motorman to slacken the speed of his car. It is probable, however, that this could not be done, but the plaintiff was not responsible for the failure. The fact that the car ran the entire distance from Buena Vista street to Irwin avenue after the accident would seem to be evidence that it was beyond the control of the motorman.
The case, as we view it, ivas clearly one for the jury. They were properly instructed' as to the duty of the plaintiff to es *642 tablish the negligence of the defendant, and present a case clear of contributory negligence.
The substance of the cases relied upon by the defendant was fairly set out in its second and third points, which were affirmed by the court.
We, therefore, see nothing in the ciase of which the defendant can rightfully complain. The case was well tried and fairly submitted to the jury. Under the testimony the verdict was not excessive.
The assignment of error is overruled.
Judgment affirmed.